# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NEW YORK

FILED
SEP 2 1 2015
MICHAEL J. ROEMER, CLERK
WESTERN DISTRICT OF NY
UNITED STATES DISTRICT COURT

ROLAND LOTT,

                    Plaintiff,

    v.

CURTIS CUNNINGHAM, et al.,

                    Defendants.

**DECISION & ORDER**
**13-CV-6420**

## Preliminary Statement

Currently pending before the Court is *pro se* plaintiff's motion to appoint counsel. (Docket # 22). In his Complaint, plaintiff states that on August 16, 2010, after being arrested by the Rochester Police Department pursuant to a traffic stop, he was assaulted and seriously injured by the defendant officers. See Complaint (Docket # 1). Plaintiff alleges that the defendant officers inflicted unnecessary and excessive force upon him in violation of his civil rights. Id.

## Discussion

With the instant motion to appoint counsel, plaintiff claims that the appointment of counsel is necessary because he cannot afford an attorney. See Plaintiff's Motion to Appoint Counsel (Docket # 22). Plaintiff asserts that he is unable to afford counsel as his only income is a "VA Pension" and Social

Security disability benefits. Id. For the reasons that follow, plaintiff's motion for appointment of counsel (Docket # 22) is **denied without prejudice to renew.**

Under 28 U.S.C. § 1915(e), the Court may appoint counsel to assist indigent litigants. Sears, Roebuck & Co. v. Charles W. Sears Real Estate, Inc., 865 F.2d 22, 23 (2d Cir. 1988). An assignment of counsel is a matter within the judge's discretion. *In re* Martin-Trigona, 737 F.2d 1254, 1260 (2d Cir. 1984). "There is no requirement that an indigent litigant be appointed *pro bono* counsel in civil matters, unlike most criminal cases." Burgos v. Hopkins, 14 F.3d 787, 789 (2d Cir. 1994). The factors to be considered in deciding whether or not to assign counsel were set forth by the Second Circuit in Hodge v. Police Officers, 802 F.2d 58, 61—62 (2d Cir. 1986):

> [T]he district judge should first determine whether the indigent's position seems likely to be of substance. If the claim meets this threshold requirement, the court should then consider the indigent's ability to investigate the crucial facts, whether conflicting evidence implicating the need for cross-examination will be the major proof presented to the fact finder, the indigent's ability to present the case, the complexity of the legal issues and any special reason in that case why appointment of counsel would be more likely to lead to a just determination.

Applying the factors set forth in Hodge, I find that plaintiff's allegations satisfy the initial threshold showing of

merit. See, e.g., Smith v. New York City Police Dep't, No. 06 Civ. 15436(JSR)(KNF), 2010 WL 26494, at *3 (S.D.N.Y. Jan. 5, 2010) ("Looking solely to the face of the pleadings, it appears that the plaintiff's Fourth Amendment excessive force claim may have merit"). However, having reviewed the Complaint and considered the nature of the factual and legal issues involved, as well as the plaintiff's ability to present his claims, I conclude that appointment of counsel is not warranted at this time. See Hodge, 802 F.2d at 61—62.

Plaintiff's complaint sets forth coherent and detailed allegations regarding the conduct of the defendants after he was arrested. This case is at the very early stages of litigation, and plaintiff appears to have the intellect and resourcefulness to engage in discovery. Plaintiff's claims concern an event that occurred during a relatively brief period of time and involve alleged injuries to his hands. Any discovery would be focused on the use of force during this defined time period, and demands for this information would be straightforward in nature. See, e.g., Mena v. City of New York, No. 12 Civ. 29(CM), 2013 WL 1165554, at *2 (S.D.N.Y. Mar. 19, 2013) (denying plaintiff's motion to appoint counsel where plaintiff's submissions to the court were "reasonably intelligible and thorough," demonstrating "that he has sufficient intellect and sophistication to grasp and present the issues); Simcoe v. Gray, No. 10-CV-6531, 2012 WL

1044505, at *5 (W.D.N.Y. Mar. 28, 2012) (denying counsel where "investigating the claims made in the instant action will not be a complicated exercise for plaintiff, as the factual circumstances and legal issues largely focus on a single incident"); Allen v. Sakellardis, No. 02 Civ.4373(JSR)(DF), 2003 WL 22232902, at *2 (S.D.N.Y. Sept. 29, 2003) (denying appointment of counsel where plaintiff's claim "largely focuses on a single incident" and plaintiff "should be able to obtain the documentary evidence relating to that incident, regardless of whether he is represented by counsel").

To assist plaintiff in gathering relevant discovery documents, this Court will Order defense counsel to produce for plaintiff, without the necessity of filing a formal demand: (1) any and all documents relevant to plaintiff's arrest on August 16, 2010, and records regarding any force used on plaintiff during the time he was in the defendants' custody; (2) any photographs or videos of the plaintiff taken by the defendants or their employers during the relevant time period; and (3) any medical, hospital, or other treatment records defendants have or maintain as a result of plaintiff's arrest on August 16, 2010. Such disclosures shall be made within thirty (30) days from the date of this Order.

Plaintiff may consult with the Western District of New York *pro se* office attorneys for questions on process and procedure,

but at this time it remains his responsibility to proceed with this case.  Should Judge Telesca believe that assignment of counsel for trial is warranted, he may, of course, revisit the issue at that time.  At this juncture of the litigation, however, this Court finds plaintiff has not demonstrated why his case requires appointment of counsel.

## Conclusion

Plaintiff's motion to appoint counsel (Docket # 22) is **denied without prejudice to renew.**

_____
JONATHAN W. FELDMAN
United States Magistrate Judge

Dated:      September 18, 2015
            Rochester, New York