UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
ROLAND LOTT,
               Plaintiff,

           v.

CURTIS CUNNINGHAM, et al,
               Defendants.

DECISION AND ORDER
13-cv-6420

### Preliminary Statement

*Pro se* plaintiff brings the instant action pursuant to 42 U.S.C. § 1983 for alleged violation of his civil rights. Plaintiff alleges that defendants physically assaulted him and failed to provide medical care subsequent to an arrest and during pretrial detention. See Plaintiff's Complaint. (Docket # 1).

By Order of Judge Michael A. Telesca, dated September 2, 2014, all pretrial motions excluding dispositive motions have been referred to this Court pursuant to 28 U.S.S. § 636(b)(1)(A-B). (Docket # 14). Currently pending before the Court is the motion to compel filed on behalf of Monroe County defendants, in which they seek an order of the Court compelling the plaintiff to submit to a deposition upon oral examination pursuant to Rule 37 of the Federal Rules of Civil Procedure, and an order extending the discovery and dispositive motion deadlines by a period of three months. (Docket # 43). Defendants argue that on December 23, 2015 plaintiff's deposition was

1

suspended due to his illness caused by blood pressure and diabetes. See Docket # 43-4, 18-22. Since then, defendants argue, they had rescheduled the deposition on two separate occasions, both of which were later cancelled by plaintiff. See Docket # 43-1. Defendants allege that on December 28, 2015 plaintiff canceled the deposition previously scheduled for January 5, 2016 for medical reasons. He later canceled the January 22, 2016 deposition on the morning of the deposition because "he did not want to attend the deposition, and will not until he obtains counsel." Docket # 43-1, ¶ 15. Plaintiff has not opposed the instant motion and, to date, has neither submitted to a deposition upon oral examination nor obtained legal counsel.

The Court, having reviewed the papers in support of the motion, and having considered the lack of the response on behalf of the plaintiff, hereby orders that defendants' motion to compel (Docket # 43) is **granted**.

Rule 30 of the Federal Rules of Civil Procedure provides that "[a] party may, by oral questions, depose any person, including a party, without leave of court except as provided in Rule 30(a)(2)." This Court finds that defendants have demonstrated good faith effort in their attempts to confer with the plaintiff regarding his deposition upon oral examination prior to filing this motion and have put plaintiff on notice of

2

the deposition serving him with two notices to take deposition. See Docket ## 36, 38; see also Fed. R. Civ. Pr. 37(a)(1).

Since plaintiff has failed to respond to defendants' motion to compel this Court is unable to determine as to whether or not plaintiff's reasons for cancelling the January 5, 2016 deposition were significant enough to warrant the cancellation. However, assuming *arguendo* that they were, plaintiff has failed to provide an explanation as to why he could not have apprised the defendants' counsel of his desire to cancel the January 22, 2016 deposition sooner. Additionally, this Court does not find plaintiff's reason to cancel the January 22, 2016 deposition for lack of legal counsel to be compelling. This Court has already addressed plaintiff's desire to proceed with legal counsel when it denied plaintiff's motion to appoint counsel on September 18, 2015. See Docket # 33. Since there has been no appearance entered by legal counsel on behalf of plaintiff since January 22, 2016, the date last deposition was scheduled for, this Court assumes that plaintiff was unsuccessful is retaining an attorney to represent him in this action.

Even though defendants' have not asked this Court to impose sanctions on plaintiff for his failure to appear at the deposition, plaintiff is reminded that the imposition of discovery sanctions is within the broad discretion of this Court. Fed. R. Civ. Pr. 37(d); see also Carmona v. Wright, 233

3

F.R.D. 270, 274 (N.D.N.Y. 2006) ("[plaintiff's] failure to appear for the original deposition, and his failure to comply with the order compelling his deposition constituted sanctionable conduct"); Nevarez v. Hunt, 288 F.R.D. 270, 271 (W.D.N.Y. 2013) (penalties were warranted because "[p]laintiff's nonappearance at the deposition may not have been occasioned by bad faith, but neither was it completely excusable.")

Additionally, defendants' request to extend this Court's prior Scheduling Order (Docket # 35) is **granted**. Factual discovery, including depositions, shall be completed on or before April 1, 2016, and dispositive motions shall be filed no later than June 1, 2016.

### Conclusion

Defendants' motion to compel (Docket # 43) is **granted**.

**SO ORDERED.**

_____
JONATHAN W. FELDMAN
United States Magistrate Judge

Dated: March 14, 2016
Rochester, New York

4