UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____
ROLAND LOTT,
               Plaintiff,

    v.

CURTIS CUNNINGHAM, et al,
               Defendants.
_____

DECISION AND ORDER
13-cv-6420

### Preliminary Statement

*Pro se* plaintiff brings the instant action pursuant to 42 U.S.C. § 1983 for alleged violation of his civil rights. Plaintiff alleges that defendants physically assaulted him and failed to provide medical care subsequent to his arrest and during pretrial detention. See Plaintiff's Complaint (Docket # 1). Before the Court is defendants Fisher and Fletcher's motion to compel (Docket # 55).

### Relevant Facts

The motion before the Court concerns plaintiff's odd refusal to provide authorizations to defense counsel permitting them to obtain his medical records. Plaintiff's refusal is odd because plaintiff has never opposed this motion to compel. Instead, after being notified of his deadline to respond to the motion, plaintiff repeatedly contacted the Court. The first contact occurred on August 19, 2016, when plaintiff requested additional time to respond to defendants' motion to compel (Docket # 58). The second contact occurred on September 14,

1

2016, when plaintiff informed the Court of his willingness to execute medical authorizations received previously from defendants (Docket # 59). Subsequently, defendants, at the direction of the Court, tried to assist plaintiff with executing medical authorizations. Defense counsel provided plaintiff with the authorization forms on October 17 and again on November 7, 2016. By letter dated November 18, 2016, defendants' counsel notified the Court that plaintiff, despite his assurances otherwise, still has refused to return the medical authorization forms. Plaintiff never responded to counsel's letter.

## Discussion

Defendants Fisher and Fletcher are trying to obtain plaintiff's medical records in order to confirm the nature of plaintiff's injuries and medical treatment received by him as a result of a physical confrontation with the police in August 2013. Plaintiff claims these two defendants violated his constitutional rights by denying him adequate medical care, causing him pain, suffering, and permanent injuries. See Docket # 1.

Rule 26 of Federal Rules of Civil Procedure allows parties to obtain discovery regarding matters relevant to a claim or defense. Fed. R. Civ. P. 26(b)(1). Since plaintiff's claims arise from the allegations that he was physically assaulted and not provided medical care subsequent to his arrest and during

2

pretrial detention, he has placed his medical condition at issue. Coggins v. Gerace, No. 13-CV-654S SR, 2014 WL 5449667, at *2 (W.D.N.Y. Oct. 23, 2014) (since "plaintiff has alleged claims asserting a denial of adequate medical care, plaintiff cannot expect to proceed with his claims without authorizing the disclosure of his medical records.").

The defendants are entitled to plaintiff's medical records. Although plaintiff has not opposed this motion, he has refused to provide the authorizations. Accordingly, defendants' motion to compel plaintiff to provide defendants access to relevant medical records is **granted**. Plaintiff must provide the signed authorizations to defense counsel **within fourteen (14) days from entry of this Decision and Order**.

Although plaintiff has been deposed on three occasions regarding his claims, defendants seek permission to further depose plaintiff should their review of the medical records reveal an issue or facts that require further questioning. Should that eventuality occur, defense counsel may request by letter to the Court permission for additional questioning. Such letter shall explain why further questioning of plaintiff is needed. Absent the need to further depose plaintiff, discovery in this case shall be deemed closed. Dispositive motions shall be filed no later than **June 5, 2017**.

Should plaintiff continue to refuse to comply with this Order and fail to provide the requested authorizations, defendants Fisher and Fletcher may move to dismiss this action against them for failure to prosecute the claim and failure to comply with this discovery order. Such motion must be made to Judge Telesca.

## Conclusion

Defendants' motion to compel (Docket # 55) is **granted insofar as more fully set forth in this Decision and Order.**
**SO ORDERED.**

_____
JONATHAN W. FELDMAN
United States Magistrate Judge

Dated: March 28, 2017
Rochester, New York